1
2
3
4                  UNITED STATES DISTRICT COURT
5              NORTHERN DISTRICT OF CALIFORNIA
6
7    TORIANO G. HUDSON,                    Case No. 23-cv-04636 EJD (PR)
                   Plaintiff,
8                                          **ORDER OF DISMISSAL WITH**
           v.                              **LEAVE TO AMEND; DENYING**
9                                          **MOTION FOR SUMMARY**
                                           **JUDGMENT AS PREMATURE**
10   L. DOSSMAN, et al.,
11                 Defendants.
12                                         (Docket No. 8)
13

14        Plaintiff, a state prisoner, filed the instant pro se civil rights action pursuant to 42

15   U.S.C. § 1983 against prison staff at San Quentin State Prison ("SQSP"), where he is

16   currently housed.  Dkt. No. 5.  Plaintiff filed a motion for summary judgment.  Dkt. No. 8.

17   Plaintiff's motion for leave to proceed in forma pauperis will be addressed in a separate

18   order.  Dkt. No. 6.

19                              **DISCUSSION**

20   **A.    Standard of Review**

21        A federal court must conduct a preliminary screening in any case in which a

22   prisoner seeks redress from a governmental entity or officer or employee of a

23   governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify any

24   cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

25   upon which relief may be granted or seek monetary relief from a defendant who is immune

26   from such relief.  See id. § 1915A(b)(1), (2).  Pro se pleadings must, however, be liberally

27   construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

28        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

United States District Court
Northern District of California

United States District Court
Northern District of California

1   elements: (1) that a right secured by the Constitution or laws of the United States was

2   violated, and (2) that the alleged violation was committed by a person acting under the

3   color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims**

4

5        Plaintiff claims that this action involves an "old complaint originally under 21-cv-

6   03205-EJD." Dkt. No. 5 at 2.  Plaintiff claims that Sgt. Perez, formally Sgt. Dossman, has

7   "continued to harass, annoy and violate[] [his] constitutional rights with reprisal and

8   retaliation" and an "on[]going continued campaign of harassment." Id. at 2.  Plaintiff

9   claims Defendant issues lifers, like himself, unnecessary disciplinary chronos ("RVRs")

10  which stay in his file for life and cause "disruption and denials every time you go to the

11  parole board for release usually resulting in a 3-5 year denial for parole for simple

12  counseling." Id. at 3.  Plaintiff seeks damages and injunctive relief.  Id.

13       Plaintiff's allegation that Defendant has harassed and annoyed him are not

14  sufficient to state a claim under § 1983.  Allegations of verbal harassment and abuse fail to

15  state a claim cognizable under 42 U.S.C. § 1983.  See Freeman v. Arpaio, 125 F.3d 732,

16  738 (9th Cir. 1997) overruled in part on other grounds by Shakur v. Schriro, 514 F.3d 878,

17  884-85 (9th Cir. 2008); see, e.g., Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996),

18  amended 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison

19  guard not enough to implicate 8th Amendment).  But harassment coupled with conduct

20  implicating the Eighth Amendment's proscription against cruel and unusual punishment

21  may indeed present a claim cognizable under § 1983.  See Hudson v. Palmer, 468 U.S.

22  517, 528-30 (1984) (malicious cell searches and calculated harassment unrelated to prison

23  needs may implicate 8th Amendment's protection against cruel and unusual punishment);

24  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (harassment with regards to

25  medical problems cognizable if it constitutes deliberate indifference).  Here, there are no

26  allegations indicating that Defendant's alleged harassment was accompanied by conduct

27  implicating the Eighth Amendment.

28

1    Rather, Plaintiff implies that the issuance of disciplinary chronos were for

2    retaliatory purposes and otherwise unjustified.  However, Plaintiff fails to identify any

3    specific RVR and explain how it was retaliatory rather than justified.  Furthermore,

4    Plaintiff cannot state a claim if the deprivations involved were not of "real substance" and

5    the proceedings comported with due process.  See Sandin v. Conner, 515 U.S. 472, 484

6    (1995); Wolff v. McDonnell, 418 U.S. 539, 564 (1974).  Lastly, the fact that a prisoner

7    may have been innocent of the charges does not raise a due process issue.  The

8    Constitution demands due process, not error-free decision-making.  See Ricker v. Leapley,

9    25 F.3d 1406, 1410 (8th Cir. 1994); McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir.

10   1983).

11   With regard to retaliation, Plaintiff's allegations are insufficient to support such a

12   claim.  "Within the prison context, a viable claim of First Amendment retaliation entails

13   five basic elements: (1) An assertion that a state actor took some adverse action against an

14   inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled

15   the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably

16   advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th

17   Cir. 2005) (footnote omitted).  Plaintiff's allegations do not satisfy all five of these

18   elements.  Specifically, Plaintiff does not allege that Defendant Perez took the adverse

19   action, i.e., issuance of RVRs, because of Plaintiff's protected conduct and that

20   Defendant's actions chilled the exercise of his First Amendment rights and did not

21   reasonably advance a legitimate correctional goal.

22   Plaintiff shall be granted leave to attempt to state sufficient facts to state a

23   cognizable claim against Defendant Perez.  In preparing an amended complaint, Plaintiff

24   should keep the following legal principles in mind.  Liability may be imposed on an

25   individual defendant under § 1983 only if Plaintiff can show that the defendant

26   proximately caused the deprivation of a federally protected right.  See Leer v. Murphy, 844

27   F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir.

28   1981).  A person deprives another of a constitutional right within the meaning of § 1983 if

United States District Court
Northern District of California

he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  See Leer, 844 F.2d at 633.

In light of the lack of any cognizable claim in the complaint, Plaintiff's motion for summary judgment is DENIED as premature.  Dkt. No. 8.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.      The complaint is **DISMISSED with leave to amend**.  Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint to correct the deficiencies described above.  The amended complaint must include the caption and civil case number used in this order, Case No. 23-cv-04636 EJD (PR), and the words "AMENDED COMPLAINT" on the first page.  If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.  The amended complaint supersedes the original, the latter being treated thereafter as non-existent. Ramirez v. Cty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015).  Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992).

2.      **Failure to respond in accordance with this order in the time provided will result in the dismissal with prejudice of this action for failure to state a claim, without further notice to Plaintiff.**

3.      In light of this dismissal with leave to amend, Plaintiff's motion for summary judgment is DENIED as premature.  Dkt. No. 8.

4.      The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

5.      The Clerk shall terminate "L. Dossman" from the docket as this name refers to the former name of Defendant L. Perez, who is already separately listed.

4

This order terminates Docket No. 8.

**IT IS SO ORDERED.**

**Dated:** _____January 24, 2024_____

_____

EDWARD J. DAVILA
United States District Judge